IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BETTYE L. HICKS,                  :

    Plaintiff,              :

vs.                               :       CA 07-0307-C

MICHAEL J. ASTRUE,                :
Commissioner of Social Security,
                                  :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 17 & 18 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the

Commissioner's proposed report and recommendation, and the parties' arguments at the March 25, 2008 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be affirmed.[1]

The Administrative Law Judge (ALJ) made the following relevant findings:

> **3. The claimant has the following severe impairments: history of carpal tunnel syndrome, plantar fasciitis of the right foot and obesity (20 CFR 404.1520(c)).**
>
> . . .
>
> **4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**
>
> . . .
>
> **5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of light work activity.**
>
> . . .
>
> The Administrative Law Judge notes that the opinion of a treating physician must ordinarily be given substantial or

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 17 & 18 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

considerable weight unless good cause is shown to the contrary (MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986)). A treating physician's medical opinion on the issue of the nature and severity of an impairment is entitled to special significance; and, when supported by objective medical evidence and consistent with the other substantial evidence of record, entitled to controlling weight (20 CFR 404.1527(d)(2); Social Security Ruling (SSR) 96-2p).

On the other hand, statements that a claimant is "disabled", "unable to work", can or cannot perform a past job, meets a Listing, and[/]or the like are not medical opinions, but are administrative findings dispositive of a case, requiring familiarity with the Regulations and the legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate his statutory responsibility to determine the ultimate issue of disability. Opinions on the issues reserved to the Commissioner, such as that of Dr. Wood, are not entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or contradicted by persuasive evidence (20 CFR 404.1527, SSR 96-5p).

Applying these standards, the undersigned has reviewed, considered and evaluated Dr. Wood's opinion as reflected in Exhibits 5F and 6F. The undersigned notes that the document contains insufficient rationale with no citation to medical evidence that would reasonably support the opinions in that document. Furthermore, the opinions in that document seem to be inconsistent with the record as a whole and the claimant's history of medical treatment. For these reasons, the undersigned finds the opinion(s) to be less than fully credible, assigns [them] little weight and, otherwise, finds them to not be persuasive.

. . .

**6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).**

. . .

**7.     The claimant was born on January 24, 1955 and was 48 years old on the alleged disability onset date, which is defined as a younger individual. She is currently 50 years old, which is defined as an individual closely approaching advanced age (20 CFR 404.1563).**

**8.     The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).**

**9.     Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled" (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).**

. . .

**11.    The claimant has not been under a "disability," as defined in the Social Security Act, from May 1, 2003 through the date of this decision (20 CFR 404.1520(g)).**

(Tr. 12, 13, 14, 15, 16 & 17 (emphasis in original))  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving

that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can the full range of light work and is not disabled under the grids, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792

F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff's sole contention is that the ALJ erred in failing to afford controlling weight to the opinions of her treating physician.

In the Eleventh Circuit "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

> The ALJ must clearly articulate the reasons for giving less weight to the opinion of the treating physician, and the failure to do so is reversible error. We have found "good cause" to exist where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records.

*Id.* (internal citations omitted).

Wood's two PCEs indicate that plaintiff cannot perform physical activities for a full 8-hour workday (Tr. 113 & 121) and his clinical assessment of pain forms reveal pain distracting to adequate performance of daily activities or work and pain to a degree which would prevent a productive level of work (Tr. 114-115 & 119-120). This Court finds that the ALJ correctly determined that Wood's findings on these forms were conclusory, unsupported by the doctor's own clinical findings, and inconsistent with the other objective evidence of record. (*See* Tr. 15 ("The undersigned notes that the document

contains insufficient rationale with no citation to medical evidence that would reasonably support the opinions in that document. Furthermore, the opinions in that document seem to be inconsistent with the record as a whole and the claimant's history of medical treatment. For these reasons, the undersigned finds the opinion(s) to be less than fully credible, assigns [them] little weight and, otherwise, finds them to not be persuasive.")) Nothing in Wood's treatment notes from 2004 support the findings set forth in his PCEs and clinical assessments of pain (*see* Tr. 105 & 116-117) and the findings set forth therein are inconsistent with the remaining evidence of record (*see, e.g.,* Tr. 70, 95, 107-111 & 122-129); therefore, the ALJ properly rejected the treating physician's conclusory PCEs and pain forms.

Because plaintiff raises no other claims, and substantial evidence of record (Tr. 107-111 & 122-129) supports the ALJ's determination that plaintiff can perform light work activity, the ALJ's fifth-step determination is due to be affirmed.

## **CONCLUSION**

In consideration of the foregoing, the Court **ORDERS** that the

Commissioner's decision denying plaintiff benefits be affirmed.

**DONE** this the 1st day of April, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**